**Emmanuel Senyo AGYEMAN,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–72855.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 30, 2005.

Kimberly Van Amburg, Snell & Wilmer, LLP, Tucson, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, David V. Bernal, Attorney, Anthony C. Payne, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

1. The Immigration Judge (IJ) did not deny petitioner Emmanuel Senyo Agyeman due process upon remand. The death of Agyeman's wife and his subsequent failure to file a timely widower petition under 8 C.F.R. § 204.2(b)(1)(ii) constitute "good and sufficient cause" supporting the agency's revocation of the visa petition under 8 U.S.C. § 1155. *See Tongatapu Woodcraft Hawaii, Ltd. v. Felman,* 736 F.2d 1305, 1309 (9th Cir.1984). Agyeman thus became ineligible for relief before remand

* This disposition is not appropriate for publication and may not be cited to or by the courts

proceedings commenced, *see* 8 U.S.C. § 1255, such that the agency had no obligation to reach the issue of whether Agyeman's marriage was bona fide. *See Simeonov v. Ashcroft,* 371 F.3d 532, 538 (9th Cir.2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citation omitted). Accordingly, the IJ acted within the dictates of this court's remand instructions.

2. The IJ did not err by declining Agyeman's request for equitable tolling of the limitations period. The record does not reflect that Agyeman exercised the diligence required to merit equitable tolling. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (noting the due diligence requirement).

3. The IJ did not err in declining to apply equitable estoppel under the facts of this case, as Agyeman did not demonstrate that the government engaged in "affirmative misconduct going beyond mere negligence." *Sulit v. Schiltgen,* 213 F.3d 449, 454 (9th Cir.2000).

**PETITION DENIED.**

of this circuit except as provided by 9th Cir. R. 36–3.